# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

TODD ROBBEN,  No. 2:16-cv-2742-CMK-P

    Petitioner,

 vs.  ORDER

JOHN D'AGOSTINI,

    Respondent.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is petitioner's motion for release (Doc. 8).

    Petitioner moves this court for an order authorizing his release from custody pending resolution of his habeas petition. Petitioner contends he was sentenced to six months in jail, which is much longer than similarly situated people, for an alleged probation violation. He argues that punishment is grossly disproportionate to his offense, which violations constitutional norms. From his habeas petition, it appears petitioner was convicted of driving under the influence and was sentenced to five years probation and six months in custody. However, it

1

appears petitioner was thereafter convicted of violating the terms of his probation. It is unclear to the court what his current sentence for the probation violation is.

Under current circuit authority, it is not clear whether this court has the authority to release petitioner prior to the resolution of habeas petition as he requested. Petitioner cites Aronson v. May, 85 S.Ct. 3 (1964), Blair v. McCarthy, 881 F.3d 602 (1989) (overruled by McCarthy v. Blair, 498 U.S. 954 (1990), and Land v. Deeds, 878 F.2d 318 (9th Cir. 1989), in support of his request. However, none of those cases clearly support his position. While Aronson and Land may have lent some support to petitioner's petition, any such support has been called into question by more recent Ninth Circuit authority. In In re Roe, 257 F.3d 1077, 1080 (9th Cir. 2001), the Ninth Circuit specifically decided to side-step the question of whether a district court has the authority to grant a pre-decision release of a state prisoner. Instead, the Court decided that "[a]ssuming, arguendo, that a district court has the authority to release a state prisoner on bail pending resolution of habeas proceedings in extraordinary cases," there must be a showing "that this is an 'extraordinary case [] involving special circumstances or high probability of success.'" Id. (quoting Land, 878 F.2d at 318). If this court does the same, and assumes arguendo that it has the authority to grant petitioner's request under 28 U.S.C. § 2254, petitioner would have to make a showing that this is an "extraordinary case" involving "special circumstances or a high probably of success." Id. Even taking the standards from the cases petitioner cites, to qualify for release petitioner must show (1) the presence of special circumstances in his case and (2) a clear and readily evident entitlement to relief on the merits of his habeas claims; making his application "exceptional and deserving of special treatment in the interest of justice." Aronson, 85 S.Ct. at 5.

Here, petitioner argues he should be released prior to resolution of his habeas petition because he is serving a sentence much longer than similarly situated people. Even assuming the truth of his argument, he fails to make a showing that this is an "extraordinary case" involving "special circumstances" or "a high probability of success." The claims petitioner

raises in his petition include unfair trial, ineffective assistance of counsel, and Due Process violation relating to trial testimony. Nothing in his petition appears to rise to the level of special circumstances, nor does petitioner point to any. Rather, these are similar claims raised by a majority of prisoners on post-conviction appeal. As other courts have discussed, an arrestee asking for bail is presumed innocent as he has not been convicted of any offense; whereas a petitioner requesting a post-conviction release does not have the same presumption. Petitioner simply fails to meet his burden of showing (or even alleging) special circumstances.

Based on the foregoing, the court cannot find special circumstances at this time to grant petitioner's request to be released prior to the resolution of his habeas petition. This is especially true at this early stage of the proceedings. The request will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for bail or release (Doc. 8) is denied.

DATED: September 18, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE