IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TODD ROBBEN,                                    No. 2:16-cv-2742-MCE-CMK-P

         Petitioner,

      vs.                                         ORDER

JOHN D'AGOSTINI,

         Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's request for discovery, specifically production of documents (Doc. 16). Petitioner is also requesting the court vacate the Clerk's decline of entry of default (Doc. 38).

        As to petitioner's motion for discovery, Rule 6 of the Rules Governing § 2254 provides that the court may, for good cause, allow discovery and may limit the extent of discovery allowed. See Rule 6(a). A party requesting discovery is required to provide reasons for the request, as well as to include with the request any proposed interrogatories, requests for admission, and specification of any requested documents. See Rule 6(b). Unlike civil litigants, a habeas petitioner is not presumptively entitled to discovery. See Rich v. Calderon, 187 F.3d

1

1064, 1068 (9th Cir. 1999). "Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" Id. at 1067 (quoting Calderon v. U.S.D.C. (Nicholaus), 98 F.3d 1102, 1106 (9th Cir. 1996)). "A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." Id. at 1068 (citing Bracy v. Gramley, 520 U.S. 899, 903-05 (1997)). "The availability of any discovery during a habeas proceeding is committed to the sound discretion of the district court." Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993)." Good cause may be shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

Here, petitioner's request is unclear. He is requesting the court order case documents from the El Dorado Superior Court in an action which he states is somehow related. He appears to be challenging the jurisdiction of the assigned judge who presided over that state court case. He has not, however, shown any correlation between those allegations and the claims raised in this case, nor how obtaining such documents would help develop the facts to demonstrate he is entitled to relief. To the extent this case is challenging any action resulting from that state court action, the respondent is required to submit transcript and other documents relevant to the issues presented in the petition with any answer that is filed. Petitioner's request, if it is related to his underlying conviction, appears to be premature as it has been filed prior to any answer being filed. The documents petitioner is requested may be obtained by respondent and submitted to the court if an answer to the petition is filed. Petitioner's request will therefore be denied.

As to petitioner's request for the court to overturn the Clerk's decline of entry of default, petitioner provides no basis for such action. A default may only be entered against a party if that party has failed to file a responsive pleading within the time provided. See Rule 55,

Federal Rules of Civil Procedure.  Here, the court ordered respondent to respond to the petition within 60 days of September 18, 2017.  Respondent requested, and was granted, an extension of that deadline to January 16, 2018.  Petitioner filed his request for entry of default on December 28, 2017.  This was prior to the deadline for respondent to file a response to the petition.  The Clerk of the Court therefore properly declined to enter a default against respondent as the time for a responsive pleading had not expired.  Petitioner's request for the court to vacate the Clerk's decline is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for discovery (Doc. 16) is denied; and
2. Petitioner's motion to vacate the Clerk's decline of entry of default (Doc. 38) is denied.

DATED: March 15, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE