1
2
3
4
5
6
7
8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 TODD ROBBEN,                                            No.  2:16-CV-2742-MCE-DMC-P

12                     Petitioner,

13           v.                                                      <u>FINDINGS AND RECOMMENDATIONS</u>

14 JOHN D'AGOSTINI,

15                     Respondent.

16

17            Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18 habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court are Respondent's motion

19 to dismiss (ECF NO. 43) and Petitioner's motions for an order/ruling (ECF No. 50) and to obtain

20 trial records (ECF No. 51).  In his motion to dismiss, Respondent argues the petition must be

21 dismissed for either one of two independently sufficient grounds.  First, Respondent argues the

22 petition must be dismissed for lack of standing because Petitioner's custody ended in March

23 2017, and his current custody is based on an unrelated claim.  Second, Respondent argues the

24 petition must be dismissed for failure to exhaust.

25 / / /

26 / / /

27 / / /

28 / / /

# I. BACKGROUND

On May 7, 2015, in case number S14CRM0465, Petitioner was convicted after a jury trial of driving under the influence and driving with a blood alcohol level of .08 or higher. Lod. Doc. 13 at 24. Petitioner was subsequently placed on probation for a period of four years. Id. Then on July 11, 2016, in case numbers S14CRM0465 and S16CRM0085, Petitioner was found to have violated his probation and was subsequently sentenced to one and a half years in jail. Lod. Doc. 13 at 3. Petitioner filed an appeal in Superior Court in case S14CRM0465, which was denied on May 31, 2016. Lod. Docs. 1, 2. Petitioner then filed a petition to transfer, which was denied by the Court of Appeal on August 5, 2016. Petitioner's sentence concluded in March of 2017. Lod. Doc. 13, 14. Petitioner was then charged and convicted of criminal threats in El Dorado County in case P17CRF0114. Lod. Doc. 14. Petitioner was sentenced on October 27, 2017, and is currently serving out the remainder of that sentence.

Petitioner filed a series of habeas petitions in state court related to cases S14CRM0465 and S16CRM0085. Petitioner first filed a petition for a writ of habeas corpus in the El Dorado County Superior Court on June 9, 2016. Lod. Doc. 5. The court denied the petition on August 1, 2016. Lod. Doc. 6. Petitioner then filed two petitions for writ of habeas corpus in the California Court of Appeal, which were summarily denied. Lod. Docs. 7, 9, 8, 10. Finally, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court on August 19, 2016. Lod. Doc. 11. The court denied the petition on October 26, 2016. Lod. Doc.12.

Petitioner filed the instant Petition for a writ of habeas corpus in this Court on November 8, 2016. EFC No. 1.

# II. DISCUSSION

Respondent argues Petitioner lacks standing because his custody, related to the claim at issue in this habeas petition, has ended. Responded then argues, in the alternative, that Petitioner has failed to exhaust many of his claims, and thus the petition should be dismissed.

/ / /

/ / /

## A. Standing

Respondent argues that Petitioner lacks standing. Respondent's argument is rooted in the constitutional justiciability doctrine of Article III standing which grants the Judicial Branch authority to adjudicate cases and controversies. Article III requires a petitioner to show that the conduct of which she complains has caused her to (1) suffer an "injury in fact" that is; (2) fairly traceable to the state; and (3) that is likely to be redressed by a favorable judgment. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). A petitioner does not lose standing once she is no longer in custody, including her completion of parole or probation. North Carolina v. Rice, 404 U.S. 244, 247 (1971) (holding that because a number of disabilities may attach to a defendant even after she has left prison, such persons have standing to challenge the legality of their convictions even when their sentences have been served). Indeed, federal courts continually allow cases to proceed under the collateral consequences doctrine, finding a case has not been mooted simply because a petitioner has completed his sentence. Minnesota v. Dickerson, 508 U.S. 366, 371 n. 2 (1993). The Ninth Circuit has applied this reasoning to standing when continuing collateral consequences exist. See Jackson v. California Dept. of Mental Health, 399 F.3d 1069, 1073 (9th Cir. 2005) ("The Supreme Court has applied this doctrine in its mootness cases, recognizing that collateral consequences may be 'adequate to meet Article III's injury-in-fact requirement' to avoid mootness. For instance, some disabilities that a defendant suffers because of his conviction are sufficient to keep his appeal of the conviction from becoming moot, even if his sentence expires during the appeal. There is no conceptual reason why the collateral consequences doctrine should not extend to standing in a case like [Petitioner]'s. Continuing effects of [Petitioner]'s commitment may be significant enough to satisfy the injury in fact requirement for standing, and a decision invalidating the state court's order would remedy those continuing effects.") (citations omitted). In criminal cases, there is a presumption that a criminal conviction gives rise to collateral consequences. See Spencer v. Keman, 523 U.S. 1, 8 (1998).

/ / /

/ / /

/ / /

Here, Petitioner was convicted of violating his probation and sentenced to one year and six months in jail. Petitioner has completed his sentence. The question then becomes does the collateral consequences doctrine apply. Because this is a criminal conviction, collateral consequences are presumed and thus the collateral consequences doctrine does apply. But even if collateral consequences were not presumed, the collateral consequences doctrine would still apply because Petitioner has demonstrated that such collateral consequences do in fact exist. Petitioner contends that his driver's license is still "suspended and/or revoked," that he is "subjected to fines/fees," and that he is "required to attend alcohol classes." ECF No. 46 at 1. Thus, the collateral consequences doctrine applies and under the doctrine Petitioner is not deprived of Article III standing simply because he completed his sentence.

Respondent attempts to further argue that Petitioner's claims are not redressable because "the only remedy available to a state criminal convictee on federal habeas is release (conditional or unconditional) from custody." ECF No. 43 at 7 (citing Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010). Not only does Respondent misquote the Ninth Circuit, Respondent also improperly reads Douglas to narrow federal habeas power, ignoring the context of the decision and the long-standing collateral consequences doctrine. Respondent contends the Ninth Circuit in Douglas held that federal habeas power is limited only to conditional or unconditional release from custody when it stated, "a habeas court 'has the power to release' a prisoner, but 'has no other power [.]' '[I]t cannot revise the state court judgment; it can act only on the body of the petitioner.'" Douglas, 626 F.3d at 504 (internal citations omitted). This, Respondent asserts, is controlling despite the Supreme Court stating in Carafas v. LaValle that "amendments to the habeas corpus statute seem specifically to contemplate the possibility of relief other than immediate release from physical custody…speak[ing] in terms of 'release from custody or *other* remedy.'" Carafas v. LaValle, 391 U.S. 234, 239 (1968) (emphasis added). Respondent contends this section of Carafas is dicta, despite over one hundred federal courts recognizing it as a legal principle, including the Ninth Circuit in Holley v. Yarborough, which held "[a]lthough habeas petitions are typically granted as a means of releasing the petitioner from custody, the federal habeas statute 'does not limit the relief that may be granted to discharge of

4

the applicant from physical custody.'" Holley v. Yarborough, 568 F.3d 1091, 1102 (9th Cir. 2009) (citing Carafas v. LaValle).

Upon initial review of Respondent's motion, Douglas seems contrary to Carafas and Holley. However, in reading Douglas it is clear that these decisions, in fact, are not in opposition. Douglas and the case it cites Fay v. Noia, 372 U.S. 391, 430 (1963) (overruled on other grounds by Wainwright v. Sykes, 433 U.S. 72, 87 (1977)), deal with the issue of federal courts instructing state courts to revise their judgment. It is in this context that the Supreme Court and Ninth Circuit have sought to limit federal habeas power—holding that federal courts have no authority in habeas to revise a state court judgment. See Fay 372 U.S. at 504, Douglas 626 F.3d at 504. Indeed, the Ninth Circuit in Douglas did not hold that in all cases, federal courts power is limited only to conditional or unconditional release from custody. Rather, the Court held in that case, where the petitioner is confined and the district court ordered a state court to revise its judgment, the federal court lacked authority to issue such an instruction and could only exercise its power to release the petitioner. See id.

This reading of Douglas not only logically flows from a contextual reading of the case, but is also supported by the collateral consequences doctrine discussed above. For if a federal court could only order a state court convictee released from custody, the collateral consequences doctrine, providing standing to petitioners released from custody and protecting their claims against mootness, could not stand. Thus, because the collateral consequences doctrine applies to standing, and because federal courts' power is not limited to ordering a petitioner released from custody, Petitioner has Article III standing.

**B. Exhaustion**

Respondent argues, in the alternative, that Petitioner's claims are unexhausted. Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839

/ / /

/ / /

5

(9th Cir. 2003).[1]  The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.  "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies."  Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte.  See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).  Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules.  See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee.  See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000).  It is not sufficient for the petitioner to argue that the federal nature of the claim is

---

[1]    Claims may be denied on the merits notwithstanding lack of exhaustion.  See 28 U.S.C. § 2254(b)(2).

[2]    This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal.  The former represents an exhaustion problem; the latter represents a procedural default problem.

self-evident.  See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001).  Nor is exhaustion satisfied if the state court can only discover the issue by reading a lower court opinion in the case.  See Baldwin v. Reese, 541 U.S. 27, 32 (2004).

In some cases, the district court may permit the filing of a federal habeas petition even though the claims have not yet been exhausted.  See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005); Bonner v. Carey, 425 F.3d 1145, 1149 n.20. (9th Cir. 2005).  In Pace and Bonner, petitions were pending in the state court at the time of the protective filings which, if denied by the state court as untimely, could have resulted in statute of limitations problems absent the protective filings.  The petitioner in Bonner lost more than 270 days of the 365-day limitations period because of the state court's long delay in ruling that his petition was untimely.  See Bonner, 425 F.3d at 1149.  Because Bonner's state petition was untimely, it could not have been considered "properly filed" for purposes of statutory tolling of the limitations period.  See id. at 1148-49 (citing Pace, 544 U.S. at 413).  In Pace, the Supreme Court states that "[a] prisoner . . . might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceeding until state remedies are exhausted."  Pace, 544 U.S. at 416.  "Good cause" for a stay-and-abeyance order could be established by the petitioner's reasonable confusion as to whether his state court petition would be considered untimely.  See Bonner, 425 F.3d at 1149 n.20.

When faced with petitions containing both exhausted and unexhausted claims (mixed petitions), the Ninth Circuit held in Ford v. Hubbard that the district court is required to give two specific warnings to pro se petitioners:  (1) the court  could only consider a stay-and-abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the unexhausted claims; and (2) federal claims could be time-barred upon return to federal court if he opted to dismiss the entire petition to exhaust unexhausted claims.  See 330 F.3d 1086, 1099 (9th Cir. 2003).  However, the Supreme Court held in Pliler v. Ford that the district court is not required to give these particular warnings.  See 542 U.S. 225, 234 (2004).[3]  Furthermore, the

---

[3]     The Supreme Court did not address the propriety of Ninth Circuit's three-step stay-and-abeyance procedure which involves dismissal of unexhausted claims from the original petition, stay of the remaining claims pending exhaustion, and amendment of the original petition

7

district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005). Therefore, in the absence of a stay-and-abeyance motion, the district court should dismiss mixed petitions and need not provide any specific warnings before doing so. See Robbins, 481 F.3d at 1147 (citing Rose, 455 U.S. at 510 (holding that the petitioner has the "choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court")).

   Here, Respondent asserts that Petitioner has failed to exhaust all his claims. Petitioner raises four general claims: (1) "Jurisdiction/unfair trial and appeal since all judges 'entire bench' recused; (2) "Ineffective appellate counsel violation of 14th Amendment U.S. Const."; (3) "Trial Court allowed false testimony and breath test results"; (4) "Ineffective trial counsel 6th Amendment" ECF No. 1 at 5-10. Within each of the four general claims Petitioner raises multiple allegations that are properly construed as sub-claims as they present individual alleged constitutional violations.

   Though it is difficult to extract the exact sub-claims contained in the petition, this Court largely agrees with Respondent's organization and review of Petitioner's claims in his motion to dismiss. Respondent states:

> First, Petitioner claims that the court lacked jurisdiction and his trial was unfair because a) the El Dorado County bench recused itself in case number S16CRM0096 on April 25, 2016, but still rendered a decision on his appeal in case number S14CRM0465 on June 1, 2016, b) Judge Kingsbury did not give Petitioner a fair trial because she allowed witnesses to testify falsely, c) Judges Proud, Phimster, and Sullivan were biased against Petitioner, d) the trial judge denied trial counsel's motion in limine because the judge was biased against Petitioner, e) the judge revoked Petitioner's probation without a hearing, f) the judge imposed a 6 month sentence which is longer and harsher than similarly situated people, g) the judge ignored Petitioner's right to a speedy trial after Petitioner revoked his time waiver, and h) Petitioner's sentence of one and a half years in jail constitutes cruel and unusual punishment.

to add newly exhausted claims that then relate back to the original petition. See Pliler, 542 U.S. at 230-31 (citing Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998)).

Second, Petitioner claims that his appellate counsel rendered ineffective assistance by a) failing to raise an issue on appeal that false testimony at trial required the exclusion of the breath test, b) failing to file a brief until after Petitioner filed a Marsden motion, c) showing up 30 minutes late to oral argument, d) not moving to recuse the El Dorado County bench, e) improperly arguing on appeal that Petitioner's trial counsel rendered ineffective assistance, and f) failing to file a reply brief.

Third, Petitioner claims that false testimony at trial led to a due process violation.

And Fourth, Petitioner claims that both of his trial counsels performed ineffectively because a) Spicer failed to file a pitches motion, b) Spicer failed to file a motion in limine to exclude the field sobriety tests, c) Spicer failed to examine Officer Laney about the DS-367 form until cross examination, d) Spicer failed to file a writ of mandate after the denial of his motion to exclude the breath test was denied, e) Rogers conspired with the court to violate Petitioner's speedy trial rights, and f) Rogers failed to file a motion to suppress evidence.

ECF No. 43 at 8-9.

Respondent contends that claims 1b, 1c, 1d, 1e, 1g, 1h, 2a, 2e, 3, 4c, 4e, and 4f, are unexhausted. After reviewing the record and the habeas petitions below, this Court agrees.

Claims 1b) Judge Kingsbury did not give Petitioner a fair trial because she allowed witnesses to testify falsely, 1c) Judges Proud, Phimster, and Sullivan were biased against Petitioner, 1d) the trial judge denied trial counsel's motion in limine because the judge was biased against Petitioner, and 1g) the judge ignored Petitioner's right to a speedy trial after Petitioner revoked his time waiver, are each novel claims that rest on different legal theories than the claims raised in the state court. For that reason, they were not "fairly presented" to the state court for review. See Picard v. Connor, 404 U.S. 270, 275 (1971).

Claims 2a) failing to raise an issue on appeal that false testimony at trial required the exclusion of the breath test, and 2e) improperly arguing on appeal that Petitioner's trial counsel rendered ineffective assistance, similarly present novel claims. These sub-claims, set out factual allegations that materially add to Petitioner's ineffective assistance of counsel argument, creating a significantly different and potentially stronger evidentiary posture of the claim, and are thus unexhausted. See Aiken v. Spalding, 841 F.2d 881, 883–84 (9th Cir. 1988).

///

Claim 3 that false testimony at trial led to a due process violation, was not presented to the state court as presented here. Respondent correctly highlights the fact that though perjury was raised in Petitioner's petition for transfer, it was conclusory and unspecific. Because general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion, it cannot be said the Petitioner exhausted this claim. <u>Gray v. Netherland</u>, 518 U.S. 152, 162 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000) (a claim is not "fairly presented" to the state court unless the petitioner "specifically indicated to that court that those claims were based on federal law").

Claims 4c); Spicer failed to examine Officer Laney about the DS-367 form until cross examination, and 4f); Rogers failed to file a motion to suppress evidence, present new claims not sufficiently related to his ineffective assistance of trial claim below. These are novel claims, based on specific novel factual allegations that must be presented *first* to the state court. Finally, claim 4e); Rogers conspired with the court to violate Petitioner's speedy trial rights, was never presented to the California Supreme Court for review. Thus, Petitioner has failed to exhaust all claims raised in his habeas petition.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (ECF No. 43) be granted and that this petition be dismissed without prejudice. The undersigned further recommends Petitioner's motions for an order/ruling (ECF No. 50) and to obtain trial records (ECF No. 51) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 1, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE